UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-19665 |
| | ) | |
| HOWARD V. MISHLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| WESTERN SURETY COMPANY, | ) | Adversary Proceeding No. 10-1007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER**[1] |
| HOWARD V. MISHLER, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff Western Surety Company filed this adversary proceeding against the defendant-debtor Howard Mishler alleging that a debt owed by Mishler to Western Surety is not dischargeable under 11 U.S.C. §§ 523(a)(4) and (6). The debtor moves to strike certain paragraphs of the complaint on the ground that the allegations are "scandalous, unfounded, and would unduly prejudice the Defendant."[2] Western Surety opposes the motion.[3] For the reasons stated below, the motion is denied, and the debtor and his counsel are cautioned to review Federal Rule of Bankruptcy Procedure 9011 before making any additional filings in this case.

---

[1] This written opinion is entered only to decide the issues presented in this case and is not intended for commercial publication in an official reporter, whether print or electronic.

[2] Docket 13.

[3] Docket 21.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## FACTS

The parties stipulated to these facts in their joint pretrial statement:[4]

> Mr. Mishler served as guardian to Loie Moret and her estate. On June 18, 2008, the Probate Court in Cuyahoga County on its [own] motion sought to remove Mr. Mishler from serving as guardian due to his suspension from the practice of law in Ohio. Subsequently, Mr. Mishler was removed as serving as guardian to Loie Moret and her estate. By law, Mr. Mishler was obligated to file an accounting of the use of any funds from the estate. The successor guardian, Michael Murman, filed a motion to surcharge Mr. Mishler for any deficiency. An agreement was reached among the parties, whereby Mr. Mishler was to pay back $68,000.00. Mr. Mishler failed to make the payment; he was bonded by Western Surety. Western Surety paid on the claim on September 28, 2009.

## THE COMPLAINT AND THE POSITIONS OF THE PARTIES ON THE MOTION TO STRIKE

In its complaint, Western Surety alleges facts essentially similar to those stipulated to by the parties. The counts at issue here[5] allege that the debt owed by the debtor to Western Surety is not dischargeable in his bankruptcy because it falls within either 11 U.S.C. § 523(a)(4) as a debt for fraud or defalcation while serving in a fiduciary capacity (count two) or 11 U.S.C. § 523(a)(6) as a debt for willful and malicious injury by the debtor to another entity (count three). Those sections state that:

---

[4] Docket 17.

[5] Count one for equitable subrogation is not addressed in the motion to strike.

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt–

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; [or]

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

The debtor moves to strike certain parts of the complaint because:[6]

"[It] implies fraudulent acts or conduct on the part of the Defendant which were never proven as there never was any hearing or findings against the Defendant in the Cuyahoga County Probate Court;"

The debtor did not get notice from the Probate Court of a hearing;

The debtor has appealed some part of a Probate Court order;

"[T]he complaint implies that Defendant was found to have defrauded or committed fraudulent acts or conduct while acting as Loie Moret's guardian;"

"The Defendant was servicing Loie Moret pursuant to a written contract dated 2003 at an hourly rate as Trustee" and there is a fee dispute;

The debtor is owed fees for serving as "Trustee, Power of Attorney, and Legal Representative, as well as Guardian;" and

Certain paragraphs alleged willful and malicious conduct "when there was no finding of any willful or malicious conduct or any punitive damages or any intentional acts in the underlying case in the Cuyahoga County Probate Court," as a result of which "the use of the word 'fraud' in Count Two and 'willful and malicious' in Count Three should be stricken as they are highly prejudicial terms which, in the instant case, have no foundation for judgment or finding in court to establish and support such allegations."

---

[6] Docket 13.

Western Surety responds that adversary proceedings to determine dischargeabilty do not have to be based on state court findings and that it has a good faith basis for its allegations both in law and in fact. Western Surety also generally contends that the debtor has failed to meet his burden under Rule 12(f).

## DISCUSSION

Federal Rule of Civil Procedure 12(f), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), provides in relevant part that: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike "is a drastic remedy," *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953), and should be applied "only where the pleading contains such allegations that are obviously false and clearly injurious to a party to the action because of the kind of language used or [where] the allegations are unmistakeably unrelated to the subject matter" of the action, *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999) (internal quotation marks and citation omitted). A matter is "scandalous," and thus subject to being stricken, if it is "both grossly disgraceful (or defamatory) and irrelevant to the action or defense." BLACK'S LAW DICTIONARY 1372 (8th ed. 2004). Courts have noted that motions to strike are frequently filed as a dilatory tactic. *See* 10 COLLIER ON BANKRUPTCY ¶7012.08 (rev. 15th ed. 2009).

In this case, Western Surety satisfied the debt owed by the debtor to Loie Moret and her estate. As a result, Western Surety is subrogated to the rights of Moret and the estate to seek payment from the debtor. The debtor does not dispute this.

As nearly as the court can discern, the debtor is arguing that because the probate court did not make a finding of fraud or malice in its order removing the debtor from his position as a

4

fiduciary, Western Surety may not make that argument here. The debtor does not cite any law or legal theory to support this, so the court will assume that he is trying to say that the doctrine of collateral estoppel or issue preclusion bars this cause of action. This is inaccurate. First, a motion to strike is not the appropriate procedural vehicle for arguing that the complaint fails to state a claim. *See* FED. R. CIV. P. 12(b)(6), incorporated by FED. R. BANKR. P. 7012. Second, the debtor is incorrect as to the law. "The doctrine of collateral estoppel precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir. 1999) (internal citation and quotation marks omitted). This doctrine applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 (U.S. 1991) ("a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and that were actually litigated and determined in the prior action."); *Rally Hill Prods. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995) ("The doctrine of collateral estoppel applies in dischargeability actions under 11 U.S.C. § 523(a)."). As an initial matter, the debtor has not made any showing that the probate court determined facts establishing whether his actions and/or inactions in connection with Loie Moret and her estate were either (1) the result of fraud or defalcation, or (2) were for willful and malicious injury. Without that determination, there is no basis for applying the doctrine. The debtor's argument does not, therefore, support striking any part of the complaint.

Having addressed the debtor's general objection to the complaint, the court will examine the debtor's paragraph by paragraph challenge under Rule 12(f):

> 8. The Probate Court's motion to remove was set for a hearing on
> July 22, 2008 at which time the motion to remove was granted and
> a final account ordered.

The debtor alleges that he never received notice of the hearing. The debtor's statement is immaterial, the allegation is not scandalous, and the debtor has not stated a ground to strike it.

> 11. On November 3, 2008, Defendant filed a motion to vacate the
> order removing him as Guardian and a motion to reduce the
> amount of the bond.

The debtor states that this matter is on appeal. The debtor's statement is immaterial, the allegation is not scandalous, and the debtor has not stated a ground to strike it.

> 12. On February 20, 2009, Magistrate John Polito overruled
> Defendant's motion to vacate the order and reduce the amount of
> the bond, finding that Defendant was suspended from the practice
> of law for financial improprieties and that Defendant still had not
> filed an accounting for his tenure as Guardian.

The debtor does not provide any reason to strike this paragraph save that he states that there is an ongoing fee dispute. The debtor's statement is immaterial, the allegation is not scandalous, and the debtor has not stated a ground to strike it.

> 23. 11 U.S.C. § 523(a)(4) provides, in relevant part, that discharge
> can be excepted:
>
> > (a) A discharge under section 727, 1141, 1228(a),
> > 1228(b), or 1328(b) of this title does not discharge
> > an individual debtor from any debt . . .
> >
> > (4) for fraud or defalcation while acting in a fiduciary
> > capacity, embezzlement, or larceny; . . .

The debtor contends that this paragraph should be stricken because it implies that he was found to have defrauded or committed fraudulent acts. This paragraph is a direct quotation of the bankruptcy code section at issue. The debtor's statement is immaterial, the allegation is not scandalous, and the debtor has not stated a ground to strike it.

> 26. Defendant breached his relationship by committing fraud
> and/or defalcation while acting in a fiduciary capacity.
>
> 27. Defendant utilized the funds of Loie Moret and her estate to
> fund other unrelated expenditures.
>
> 29. The Defendant's debt to Western Surety, represented by the
> Agreed Judgment Entry, is a direct result of Defendant's breaching
> his fiduciary duty as Guardian to Loie Moret and her estate.

The debtor alleges that these should be stricken because there was no state court finding to this effect. As noted above, a motion to strike is not a vehicle for determining a case on the merits and a state court finding is not a necessary predicate to a determination of dischargeability. The debtor's statement is immaterial, the allegations are not scandalous, and the debtor has not stated grounds to strike them.

> 31. 11 U.S.C. 523(a)(6) provides in relevant part, that discharge
> can be excepted:
>
>> (a) A discharge under section 727, 1141, 1228(a),
>> 1228(b), or 1328(b) of this title does not discharge
>> an individual debtor from any debt . . .
>>
>>> (6) for willful and malicious injury
>>> by the debtor to another entity or to
>>> the property of another entity; . . .

Again, as with paragraph 23, this is a recitation of the standard for determining dischargeability. The court cannot conceive of how quoting the statute under which the plaintiff files its complaint could be scandalous. Again, the debtor has not stated a ground to strike it.

> 32. Defendant's willful and malicious conduct caused injury to
> Loie Moret, and her estate.
>
> 33. Defendant's debt to Western Surety, represented by the Agreed
> Judgment Entry, is a direct result of Defendant's willful and
> malicious conduct.

As with paragraphs 26, 27, and 29, these paragraphs are relevant to the determination of dischargeability and do not require a prior state court finding to be alleged. Once again, the allegations are not scandalous and the debtor has not stated grounds to strike them.

The debtor's contentions are wholly without merit and the motion to strike is denied.

## FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

The debtor and his counsel are referred to Federal Rule of Bankruptcy Procedure 9011(a), (b), and (c). This motion as filed does not have a basis in either law or fact. Additionally, the court recently issued an order in another matter in this bankruptcy case where the legal basis for the debtor's motion was questionable. *See Sheldon Stein, Trustee v. Barbara Mishler*, Adv. Pro. No. 10-1062 (order entered April 2, 2010). (Docket 14). The debtor and his counsel are on notice that the court will carefully review additional filings in this case to evaluate the factual and legal basis for the position taken by or on behalf of the debtor.

## CONCLUSION

The debtor's motion to strike is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge