UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-19665 |
| | ) | |
| HOWARD V. MISHLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| WESTERN SURETY COMPANY, | ) | Adversary Proceeding No. 10-1007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| v. | ) | **ORDER DENYING MOTION TO** |
| | ) | **DISMISS AND SETTING ANSWER** |
| HOWARD V. MISHLER, | ) | **DATE** |
| | ) | |
| Defendant. | ) | |

This court recently admonished the debtor-defendant Howard Mishler and his counsel Kenneth Blech in writing about filing documents in this case that lack a basis in law and fact.[1] Two days later, the debtor through attorney Blech filed a motion to dismiss counts two and three of the complaint.[2] The plaintiff Western Surety Company opposes the motion.[3] The motion is baseless and is denied.

**JURISDICTION**

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

---

[1] Docket 24.

[2] Docket 25.

[3] Docket 29.

## FACTS

The debtor is an attorney whose license has been suspended by the Ohio Supreme Court for reasons unrelated to this case.[4] The parties stipulated to these facts in their joint pretrial statement:[5]

> Mr. Mishler served as guardian to Loie Moret and her estate. On June 18, 2008, the Probate Court in Cuyahoga County on its [own] motion sought to remove Mr. Mishler from serving as guardian due to his suspension from the practice of law in Ohio. Subsequently, Mr. Mishler was removed as serving as guardian to Loie Moret and her estate. By law, Mr. Mishler was obligated to file an accounting of the use of any funds from the estate. The successor guardian, Michael Murman, filed a motion to surcharge Mr. Mishler for any deficiency. An agreement was reached among the parties, whereby Mr. Mishler was to pay back $68,000.00. Mr. Mishler failed to make the payment; he was bonded by Western Surety. Western Surety paid on the claim on September 28, 2009.

## THE COMPLAINT

In its complaint, Western Surety alleges facts essentially similar to those stipulated to by the parties. Count one alleges that the debtor is liable to Western Surety under the doctrine of equitable subrogation. Count two alleges that the debt owed by the debtor to Western Surety is not dischargeable in his bankruptcy because it falls within 11 U.S.C. § 523(a)(4) as a debt for fraud or defalcation while serving in a fiduciary capacity. Count three alleges that the debt is not dischargeable under 11 U.S.C. § 523(a)(6) because it is a debt for willful and malicious injury by the debtor to another entity.

---

[4] *Cleveland Bar Ass'n v. Mishler*, 118 Ohio St. 3d 109 (2008).

[5] Docket 17.

## PROCEDURAL BACKGROUND

Although the complaint was filed on January 6, 2010, the debtor has yet to file his answer. The debtor initially moved to strike most of the allegations in the complaint as scandalous, unfounded, and unduly prejudicial. The court analyzed each of the debtor's numerous arguments, found that none had merit, and denied the motion.[6] The court also held that the debtor did not have a basis in law or fact for the motion and cautioned the debtor and counsel to review Federal Rule of Bankruptcy Procedure 9011(a) before filing any more documents. Two days later, the debtor filed this motion to dismiss.

In addition to the filings in this case, attorney Blech and the debtor filed a frivolous motion to intervene in a related adversary proceeding, *Stein v. Mishler*, adv. pro. 10-1062.[7] After denying that motion, the court held a pretrial on the record. Attorney Blech stated that he had a long time business relationship with the debtor and that the debtor had done the research for the motion. The court again admonished attorney Blech that he was responsible for everything filed under his name. At that time, the motion to dismiss this adversary proceeding was pending. Attorney Blech and the debtor could have, but did not, withdraw the motion to dismiss that is now before the court.

## THE DEBTOR'S MOTION TO DISMISS

The debtor moves to dismiss counts two and three. He states that the probate court must have made a finding of fault against him before Western Surety may bring an action against him. He also argues that he is appealing a probate court decision.

---

[6] Docket 24.

[7] *Stein v. Mishler*, adv. pro. 10-1062, docket 11, 14.

The debtor does not move to dismiss count one. Nevertheless, he makes these statements in his memorandum in support:

> It is also questionable whether the first cause of action for subrogation in Plaintiff's complaint can be upheld because the foundation for the cause of action against the Surety is lacking as no fault was found against the principle and therefore there is no obligation on part of the Surety to pay the Successor Guardian. It is arguable because there was no standing for the Successor Guardian to bring a cause of action against the Plaintiff on the bond because there was no finding of fault as required in the surcharge action against the Defendant/Debtor, former Guardian, Howard Mishler.

Western Surety responds that the motion repeats the debtor's unsuccessful arguments made in the motion to strike and that it has no basis in law or fact.

## **DISCUSSION**

The court first addresses the motion to dismiss counts two and three. A defendant may move to dismiss a complaint that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6) (made applicable by FED. R. BANKR. P. 7012). Federal Rule of Civil Procedure 8(a), which governs pleading standards, applies to bankruptcy proceedings. FED. R. BANKR. P. 7008(a). In two recent United States Supreme Court decisions, the Court discussed what a plaintiff must allege in a complaint to meet this rule's standard. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The debtor does not discuss the applicable rules or the controlling law and does not apply the law to the facts of the case. As a result, the motion does not state grounds to dismiss counts two and three, and it is denied.

As to the debtor's references to count one, the court finds that "[i]t is questionable" and "it is arguable" are not legal arguments that support a motion to dismiss. To the extent that the debtor intended to move to dismiss that count, the motion is baseless and is denied.

Having found that the debtor has filed three unsupported motions in this and a related

4

adversary proceeding in the span of about four months, the court can only conclude that these filings are being presented for an improper purpose; i.e. unnecessary delay. The Bankruptcy Rules provide that if the court denies a motion to dismiss, the court may set the date on which the defendant's answer is due. FED. R. BANKR. P. 7012(a). In light of the debtor-defendant's delaying tactics, the debtor is to file his answer on or before **April 26, 2010.** No extensions will be granted.

**Any filings made by attorney Blech from this point forward that are found to violate Federal Rule of Bankruptcy Procedure 9011(b) will result in monetary sanctions and/or a report to the appropriate disciplinary authority.** *See* **FED. R. BANKR. P. 9011(c); 11 U.S.C. § 105(a). Any further behavior on the part of the debtor that interferes with the just and efficient administration of this bankruptcy case will be dealt with accordingly. 11 U.S.C. § 105(a).**

IT IS SO ORDERED.

*[signature]*
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge